**NIEDWESKE BARBER HAGER, LLC**
98 Washington Street
Morristown, NJ 07960
Tele: 973-401-0064
Fax: 973-401-0061
www.n-blaw.com
Attorneys for Plaintiff Vincent G. Fortunato

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT G. FORTUNATO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ESSEX, NEW JERSEY,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br>**Jury Trial Demanded**<br><br>DOCUMENT ELECTRONICALLY FILED |

Plaintiff, Vincent G. Fortunato ("Plaintiff Fortunato"), through his attorneys Niedweske Barber Hager, LLC, 98 Washington Street, Morristown, New Jersey, 07960, by way of Complaint against the County of Essex, New Jersey ("Defendant County"), states as follows:

## THE PARTIES

1. Vincent G. Fortunato resides at 9 The Trail, Township of Hackettstown, County of Warren, State of New Jersey. During all relevant times to this action, Plaintiff Fortunato was employed as a Police Sheriff's Officer/Detective and Canine Handler for the Defendant County.

2. Defendant County, during all relevant times to this action, was and is a governmental entity organized under the laws of the State of New Jersey, with its principal offices located at the Hall of Records, 465 Martin Luther King, Jr. Boulevard, City of Newark, County of Essex, New Jersey.

## JURISDICTION

3. This Court has original subject matter jurisdiction over this lawsuit pursuant to 29 U.S.C. § 1331.

## VENUE

4. Venue is properly laid in this district court pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201, et seq. ("FLSA") because the duty and violations alleged herein occurred in this district and Defendant City does business and is found in this district.

## FACTUAL BACKGROUND

5. From 1998 to August 2017, Plaintiff Fortunato worked as a Canine Handler for Defendant County.

6. As a Canine Handler, Plaintiff was responsible for his canine unit dog.

7. The care of the canine unit dogs involved training, walking, feeding, grooming, cleaning up after, bonding, and, in general, tending to all of the needs of these highly trained, integral members of Defendant County's Sheriff's Department.

8. Since the canine unit dog lived at Plaintiff's home, the responsibility for the care of the dog was performed three hundred and sixty-five (365) days per year and additional hours over and above Plaintiff's regularly scheduled eight (8) hour workday or forty (40) hour workweek.

9. Plaintiff received time and one-half over his regular hourly wage rate after working eight (8) hours in a given day or forty (40) hours in a given week.

10. Plaintiff never received compensation for the time spent caring for and maintaining his dog over and above the regularly scheduled eight (8) hour day or forty (40) hour workweek.

11. Defendant County was fully aware that the care of canine unit dogs was deemed by the courts in New Jersey as reasonably related to the principal activity of canine unit officers.

12. Defendant County was fully aware of Plaintiff's entitlement to overtime compensation for the care of the canine unit dog.

13. Despite Defendant County's knowledge, Defendant County refused to pay Plaintiff's overtime compensation for the care of the canine unit dog.

14. As a result of Defendant County's actions, Plaintiff has suffered and continues to suffer substantial and severe monetary damages.

## COUNT ONE
### (Violation Of FLSA)

15. Plaintiff repeats the allegations set forth in all prior paragraphs of this Complaint as if set forth at length herein.

16. The actions of Defendant County violates the FLSA in that Plaintiff never received time and one-half his regular hourly wage rate for time worked over eight (8) hours in a workday or forty (40) hours in a workweek in caring for his dog.

17. As a result of these violations by Defendant County, Plaintiff has and continues to suffer damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A. That the Court award Plaintiff's back pay;

B. That the Court award Plaintiff's liquidated damages

C. That the Court award Plaintiff's interest, attorneys' fees, and costs of suit

D. That the Court grant such other relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands jury trial of all issues so triable in this case.

Respectfully submitted,
**NIEDWESKE BARBER, LLC**

Dated: September 6, 2017     By: s/ Kevin E. Barber
                                                  Kevin E. Barber (KEB 8629)
                                                  98 Washington Street
                                                  Morristown, New Jersey 07960
                                                  www.*N-B*Law.com
                                                  kbarber@*N-B*Law.com
                                                  Counsel for Plaintiff

**DOCUMENT ELECTRONICALLY FILED**